# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1676
Lower Tribunal No. F23-8089
_____

**Edward Junior Gibbs,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. See United States v. Dubois, 139 F. 4th 887 (11th Cir. 2025) (following remand by United States Supreme Court for reconsideration in light of the intervening decision in United States v. Rahimi, 602 U.S. 680 (2024), and holding that the federal law barring felons from possessing firearms (18 U.S.C. § 922(g)(1)) is constitutional under the Second Amendment); Vincent v. Bondi, 127 F.4th 1263 (10th Cir. 2025) (following remand by United States Supreme Court for reconsideration in light of the intervening decision in Rahimi, 602 U.S. 680, and holding that, even after Rahimi, § 922(g)(1)) is constitutional as applied to non-violent felons); United States v. Young, No. 23-10464, 2024 WL 3466607, at *8 (11th Cir. July 19, 2024) (rejecting notion that Rahimi altered its prior precedent holding prohibition on the possession of firearms by felons presumptively lawful: "[E]ven in [N.Y. State Rifle & Pistol Ass'n v.] Bruen, [597 U.S. 1, 26 (2022)] the Supreme Court continued to describe the right to bear arms as extending only to 'law-abiding, responsible citizens.'") (citing United States v. Dubois, 94 F.4h 1284, 1293 (11th Cir. 2024)); United States v. Hester, No. 23-11938, 2024 WL 4100901 (11th Cir. Sept. 6, 2024) (upholding section 922(g)(1) against Second Amendment challenge); United States v. Langston, 110 F.4th 408, 420 (1st Cir. 2024) (finding no clear error in conclusion that §

2

922(g) was constitutional as applied to non-violent felon and noting: "Most importantly, the Supreme Court's majority opinion in Rahimi, joined by eight justices, once again identified prohibitions on the possession of firearms by felons as 'presumptively lawful.'") (quoting Rahimi, 602 U.S. at 1902); United States v. Jackson, 110 F.4th 1120, 1125 (8th Cir. 2024) (rejecting defendant's argument that section 922(g)(1), as applied to him, was unconstitutional because his drug offenses were non-violent: "[T]here is no need for felony-by-felony litigation regarding the constitutionality of [18 U.S.C.] § 922(g)(1)."); United States v. Hunt, 123 F.4th 697, 708 (4th Cir. 2024) (concluding, like the Eighth Circuit, that 18 U.S.C. § 922(g)(1) is constitutional as applied to all convicted felons, and no need exists "for felony-by-felony litigation") (quoting Jackson, 110 F.4th at 1125); United States v. Warner, 131 F.4th 1137, 1148 (10th Cir. 2025) (holding that even after the United States Supreme Court's decision in Rahimi, "§ 922(g)(1) is constitutional as applied to non-violent felons."); see also D.C. v. Heller, 554 U.S. 570, 626-27 (2008) ("Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government

3

buildings, or laws imposing conditions and qualifications on the commercial sale of arms."); McDonald v. City of Chicago, Ill., 561 U.S. 742, 786 (2010) ("We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,' 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.'") (quoting Heller, 554 U.S. at 626-67); but see Range v. Att'y Gen. United States, 124 F.4th 218, 232 (3d Cir. 2024) (reversing dismissal of as-applied challenge to section 922.(g)(1): "Because the Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms, § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights."); United States v. Williams, No. 24-1244, 2025 WL 1089531, at *2 (6th Cir. Apr. 11, 2025) ("As this court explained in Williams, § 922(g)(1) is constitutional when it is 'applied to dangerous people.'"); see also Edenfield v. State, 379 So. 3d 5, 9-10 (Fla. 1st DCA 2023) (rejecting constitutional challenge to section 790.23(1)(a): "Whether based on the language from McDonald, Heller, and Bruen excluding convicted felons from having protected Second Amendment rights, or whether based on the historical tradition of the Second Amendment as

4

given by <u>Bruen</u>, we conclude that Florida law prohibiting convicted felons from possessing firearms survives Second Amendment scrutiny."); <u>Paul v. State</u>, 381 So. 3d 617 (Fla. 4th DCA 2024) (citing to <u>Edenfield</u>, 379 So. 3d 5 to uphold the constitutionality of section 790.23(1), Florida Statutes (2021)); <u>Fleming v. State</u>, 414 So. 3d 175 (Fla. 4th DCA 2025) (same).